IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE KING,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA; CITY OF AURORA, NE; GRANT MOODY; and PETE RICKETTS, Governor,<br><br>Defendants. | 8:21CV306<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff complains his car was impounded by the City of Aurora following a traffic stop by Nebraska State Patrol Officer Grant Moody. He claims conversion of property and asserts federal jurisdiction exists under 28 U.S.C. § 1332. (Filing 1.)

In later-filed "affidavits" Plaintiff indicates the vehicle was seized on June 15, 2021. He "claim[s] that the state of nebraska and the city of aurora ne is liable for the state troopers actions" and that "governor pete rickets is aiding and abetting the violations." (Filing 6, p. 1; Filing 7, p. 1.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim

upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset of the case. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

Under 28 U.S.C. § 1332, the district courts "shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Although Plaintiff has a Nebraska mailing address, Plaintiff alleges he is a citizen of Illinois. (Filing 1, p. 3.) Plaintiff alleges his vehicle has a value of $5,000.00, but he is seeking damages of $200,000.00 "for the arbitrary deprivation of constitutional liberties, robbery of private property." (Filing 1, p. 4.)

"[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). *See also Missouri v. Western Surety Company*, 51 F.3d 170, 173 (8th Cir. 1995) ("[W]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."); *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000); *see, e.g., Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *7 (D. Neb. June 13, 2019) (on initial review, requiring pro se, in forma pauperis plaintiff to file amended complaint to allege facts and attach supporting documents showing that amount in controversy exceeds $75,000.00, as required for diversity of citizenship jurisdiction), *aff'd*, 798 F. App'x 971 (8th Cir. 2020); *Swift v. Walmart*, No. 8:15CV300, 2016 WL 1050263, at *2 (D. Neb. Mar. 16, 2016) (on initial review, requiring plaintiff to show by a preponderance of the evidence that the amount claimed as damages is legitimate, and that the court has subject-matter jurisdiction).

Liberally construing Plaintiff's Complaint, he is asserting either a claim for conversion[1] or replevin.[2] "Generally, the measure of damages for conversion is the fair market value of the converted property at the time and place of the conversion, while the object of a replevin action is to recover specific personal property." *Grayek v. Anguiano*, No. A-19-283, 2019 WL 6873113, at *5 (Neb. Ct. App. Dec. 17, 2019) (citing *Zelenka v. Pratte*, 912 N.W.2d 723 (Neb. 2018). "In replevin, damages for

---

[1] Tortious conversion is "any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights." *PWA Farms v. North Platte State Bank,* 371 N.W.2d 102, 105 (Neb. 1985). A plaintiff in conversion must show (1) an immediate right to possession of the property and (2) its wrongful possession by the tort-feasor. *Id.*

[2] In a replevin case, the plaintiff has the burden to prove that at the time of the commencement of the action (1) he was the owner of the property sought, (2) he was entitled to immediate possession of the property, and (3) the defendant wrongfully detained it. *Zelenka v. Pratte*, 912 N.W.2d 723 (Neb. 2018).

3

the detention of the property are recoverable only in case of a return. If the property is not returned, the measure of damages is the value of the property as proved, together with lawful interest thereon from the date of the unlawful taking." 68 (1927). *Jacob v. Schlichtman*, 753 N.W.2d 361, 367 (Neb. App. 2008).

"A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up).

Plaintiff's demand for $200,000.00 in damages bears no relationship to the applicable measure of damages for either conversion or replevin under Nebraska law. Based on Plaintiff's judicial admission that his impounded vehicle has a value of $5,000.00, the court finds to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount of $75,000.00.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice for lack of subject-matter jurisdiction.

2. Judgment will be entered by separate document.

Dated this 23rd day of September 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge